**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

October 10, 2019

Jason A. Cincilla, Esquire
Amaryah K. Bocchino, Esquire
Ryan W. Browning, Esquire
Tye C. Bell, Esquire
Manning Gross + Massenburg LLP
1007 N. Orange Street, 10th Floor
Wilmington, DE 19801

Lori W. Will, Esquire
Daniyal M. Iqbal, Esquire
Jeremy W. Gagas, Esquire
Wilson Sonsini Goodrich & Rosati, P.C.
222 Delaware Avenue, Suite 800
Wilmington, DE 19801

Re:  *Neurvana Medical, LLC v. Balt USA, LLC*, C.A. No. 2019-0034-KSJM

Dear Counsel:

Plaintiff has moved for reargument under Court of Chancery Rule 59(f) concerning this Court's September 18, 2019 Memorandum Opinion (the "Opinion"), which dismissed Balt International, S.A.S. from this action for lack of personal jurisdiction.[1]  Specifically, Plaintiff argues that this Court "erred in not considering Plaintiff's request for jurisdictional discovery."[2]  For the reasons that follow, Plaintiff's motion for reargument is DENIED.

---

[1] C.A. No. 2019-0034-KSJM, Docket ("Dkt.") 46, Pl. Neurvana Medical, LLC's Mot. for Reargument ("Pl.'s Mot."); *see Neurvana Med., LLC v. Balt USA, LLC*, 2019 WL 4464268 (Del. Ch. Sept. 18, 2019).

[2] Pl.'s Mot. ¶ 6.

"The Court will deny a motion for reargument 'unless the Court has overlooked a decision or principle of law that would have a controlling effect or the Court has misapprehended the law or the facts so that the outcome of the decision would be affected.'"[3] "Rule 59 relief is available to prevent injustice and will be granted only when the moving party demonstrates that the court's decision 'rested on a misunderstanding of a material fact or a misapplication of law.'"[4] If a motion for reargument "merely rehashes arguments already made by the parties and considered by the Court" in rendering the decision for which reargument is sought, the motion must be denied.[5] It is appropriate to deny a motion for reargument where the explicit language in the Court's challenged decision implicitly rejects an argument offered or request made by the movant.[6] On a motion for reargument, the movant bears a heavy burden.[7]

---

[3] *Nguyen v. View, Inc.*, 2017 WL 3169051, at *2 (Del. Ch. July 26, 2017) (quoting *Stein v. Orloff*, 1985 WL 21136, at *2 (Del. Ch. Sept. 26, 1985)).

[4] *In re ML/EQ Real Estate P'ship Litig.*, 2000 WL 364188, at *1 (Mar. 22, 2000) (quoting *Arnold v. Soc'y for Savs. Bancorp*, C.A. No. 12883, at 1 (Del. Ch. June 30, 1995)).

[5] *Wong v. USES Hldg. Corp.*, 2016 WL 1436594, at *1 (Del. Ch. Apr. 5, 2016).

[6] *See, e.g.*, *IAC Search, LLC v. Conversant, LLC*, 2017 WL 3500244, at *1 (Del. Ch. Jan. 13, 2017) (denying reargument and stating, as to one of the movant's contentions, that "[t]his argument was rejected in the Opinion, albeit implicitly").

[7] *ML/EQ Real Estate*, 2000 WL 364188, at *1.

Plaintiff argues that this Court "erred in not considering Plaintiff's request for jurisdictional discovery."[8] Plaintiff asserts that "[g]ranting jurisdictional discovery is appropriate when a plaintiff provides non-frivolous grounds for jurisdiction"[9] and that the Complaint in this case "pleaded many facts that provide a plausible basis for jurisdictional discovery."[10]

Plaintiff's motion fails primarily because the Opinion did not overlook or misapprehend anything. Rather, the Opinion implicitly considered and denied Plaintiff's request for jurisdictional discovery. "Before ordering personal jurisdiction discovery there must be at least 'some indication that this particular defendant is amenable to suit in this forum.'"[11] There is no such indication here. Plaintiff failed to allege a non-frivolous basis for jurisdiction under the "closely-related" test for the reasons set forth in the Opinion.[12] In rejecting Plaintiff's legal theory under the closely-related test, the Opinion noted that Plaintiff had failed to

---

[8] Pl.'s Mot. ¶ 6.

[9] *Id.* ¶ 4.

[10] *Id.* ¶ 5.

[11] *In re Am. Int'l Gp., Inc.*, 965 A.2d 763, 831 n.195 (Del. Ch. 2009) (quoting *Hansen v. Neumueller GbmH*, 163 F.R.D. 471, 475 (D. Del. 1995)).

[12] *Neurvana Med.*, 2019 WL 4464268, at *4.

allege facts supporting jurisdiction under that theory.[13] Plaintiff's agency jurisdiction argument, too, failed to supply a non-frivolous basis for asserting jurisdiction. As this Court explained, the agency theory of jurisdiction involves "a factual inquiry" into three established elements.[14] Plaintiff failed to allege facts touching on any one—let alone all—of these elements. As this Court noted, Plaintiff altogether "fail[ed] to identify any sort of meaningful nexus between [Balt USA and Balt International]."[15] Given the dearth of factual allegations, Plaintiff is not permitted to use jurisdictional discovery to "fish for a possible basis for this court's jurisdiction."[16]

Further, the decision to grant jurisdictional discovery is discretionary.[17] "The trial court is vested with a certain discretion in shaping the procedure by which a

---

[13] *Id.* at *8 (explaining that "Plaintiff would fail to meet its burden" even if the Court were willing to apply the active-involvement theory of foreseeability).

[14] *Id.* ("The agency theory of jurisdiction involves a factual inquiry requiring the court to determine whether: '(1) the agent ha[s] the power to act on behalf of the principal with respect to third parties; (2) the agent do[es] something at the behest of the principal and for his benefit; and (3) the principal ha[s] the right to control the conduct of the agent.'" (quoting *EBG Hldgs. LLC v. Vredezicht's Gravenhage 109 B.V.*, 2008 WL 4057745, at *10 (Del. Ch. Sept. 2, 2008))).

[15] *Id.* at *9.

[16] *In re Am. Int'l Gp.*, 965 A.2d at 831 n.195 (quoting *Hansen*, 163 F.R.D. at 475).

[17] Pl.'s Mot. ¶ 2 ("[W]here a court finds that jurisdictional allegations are insufficient, the trial court *may allow* jurisdictional discovery . . . ."); *id.* ¶ 4 ("[W]hen a defendant moves to dismiss due to lack of personal jurisdiction and the alleged facts are insufficient to meet the required burden, 'the trial court *may permit*' the plaintiff jurisdictional discovery so

motion under Rule 12(b)(2) is resolved."[18]  And, "[w]hen the decision that is the subject of reargument rests on the court's exercise of its discretion . . . 'no fact or legal precedent may "compel" a different result absent a showing of abuse of discretion.'"[19]  Plaintiff's motion for reargument is effectively a collateral attack on the Court's exercise of that discretion, which is an inappropriate basis for reargument.

　　　　For the foregoing reasons, Plaintiff's motion for reargument is DENIED.

　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　*/s/ Kathaleen St. Jude McCormick*

　　　　　　　　　　　　　　　　Kathaleen St. Jude McCormick
　　　　　　　　　　　　　　　　Vice Chancellor

KSJM/lef

cc:　　All counsel of record (*via File & ServeXpress*)

---

long as plaintiff's claim of jurisdiction is not frivolous." (emphasis added) (quoting *Am. Scheduling, Inc. v. Radiant Sys., Inc.*, 2005 WL 736889, at *1 (Del. Ch. Feb. 9, 2005))).

[18] *Benerofe v. Cha*, 1996 WL 535405, at *3 (Del. Ch. Sept. 12, 1996) (citing *Hart Hldg. Co. v. Drexel Burnham Lambert Inc.*, 593 A.2d 535, 538 (Del. Ch. 1991)).

[19] *Quantlab Gp. GP, LLC v. Eames*, 2018 WL 5778445, at *1 (Del. Ch. Nov. 2, 2018).